UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

SAFEGATE AIRPORT SYSTEMS, INC.
a Minnesota corporation, and
SAFEGATE INTERNATIONAL AB,          COURT FILE NO. 0:13-CV-00247
a corporation of Sweden,

           Plaintiffs,          **COMPLAINT FOR**
                                **PATENT INFRINGEMENT**
vs.          **(Jury Trial Demanded)**

RLG DOCKING SYSTEMS INC.,
an Arizona Corporation, and
ROBERT L. GAUGENMAIER,
individually.

           Defendants.
_____

      Plaintiffs, by and through their counsel, for their Complaint against Defendants state and allege as follows:

## PARTIES

1.     Plaintiff Safegate Airport Systems, Inc., is a Minnesota corporation with its principal place of business at 7101 Northland Circle, Suite 110 Brooklyn Park, MN, and is a wholly owned subsidary of Safegate International AB.

2.     Plaintiff Safegate International AB is a corporation organized under the laws of Sweden, with its principal place of business in Malmö, Sweden.

3.     Upon information and belief, Defendant RLG Docking Systems Inc. is an Arizona Corporation with its principal place of business at 7819 Rambling Road, Carefree, AZ 85377.

4.     Upon information and belief, Defendant Robert L. Gaugenmaier is an officer of RLG Docking System and resides at 7819 Rambling Road, Carefree, AZ 85377.

1

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.).

6.      This Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) as Plaintiffs have diversity of citizenship in relation to Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) as Defendants are subject to personal jurisdiction and have done business in this district.

8.      Personal jurisdiction is also established in this case under the Minnesota Long-Arm Statute, Minn. Stat. § 543.19, as Defendants, on information and belief, have done business in Minnesota.

## PATENT INFRINGEMENT BY DEFENDANTS

9.      On February 8, 2000, United States Patent No. 6,023,665 (hereinafter "the '665 Patent") entitled "Aircraft Identification and Docking Guidance System" was duly and legally issued and assigned to Plaintiff Safegate International AB, assignee of inventor Lars Millgard.  A true and correct copy of the '665 Patent is attached hereto and made a part hereof as Exhibit A.

10.     On or about November 27, 2001, United States Patent No. 6,324,489 (hereinafter "the '489 Patent") entitled "Aircraft Identification and Docking Guidance System" was duly and legally issued and assigned to Plaintiff Safegate International AB, assignee of inventor Lars Millgard. A true and correct copy of the '489 Patent is attached hereto and made a part hereof as Exhibit B.

11.     Plaintiffs are authorized and have standing to bring legal action to enforce all rights arising under the '665 and '489 patents.

12. The '665 and '489 patents generally cover inventions, both apparatus and methods, related to the identification and docking guidance of aircraft at airports.

13. Plaintiffs sell their products made under the '665 and '489 patents, and practice the patented methods in Minnesota and elsewhere in the United States and throughout the world.

14. Upon information and belief Defendant RLG Docking Systems, Inc. has made, used, sold, offered for sale, imported, and/or exported its GIS206-2 product, and other similar products, in and from Minnesota and elsewhere in the United States.

15. Upon information and belief, Defendant Robert L. Gaugenmaier is the alter ego of Defendant RLG Docking Systems, Inc. and is liable for the direct infringement of Defendant RLG Docking Systems, Inc.

16. Upon information and belief, Defendants' GIS206-2, and similar products, directly infringe, contributorily infringe, and induce the infringement of one or more of the claims of each of the '665 and '489 patents, in violation of 35 U.S.C. § 271, and all causes of action thereunder, to the damage and injury of Plaintiffs.

17. On August 28, 2012 Defendants were given actual notice that Plaintiffs believed Defendants' GIS206-2 products infringed claims of the '665 and '489 patents.  A true and correct copy of the notice is attached hereto and made a part hereof as Exhibit C.  In the notice, Plaintiffs asked for a response to their allegations by September 27, 2012.  Defendants did not respond by that date, or thereafter.  Upon information and belief, the acts of infringement by Defendants are willful, intentional, and in conscious disregard of Plaintiffs' rights under the '665 and '489 patents.

18. As a result of Defendants' infringement of the claims of the '665 and '489 patents, Defendants have made and will continue to make unlawful gains and profits.  Further, Plaintiffs

have been and will continue to be irreparably damaged and deprived of their rights secured by the '665 and '489 patents due to the unlawful infringement by Defendants.

19.     Plaintiffs have been and will continue to be deprived of revenue, profit, and gain that they would otherwise have generated but for such infringement, and Defendants have caused and will continue to cause losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

20.     Plaintiffs are entitled to preliminary and permanent injunctive relief, enjoining Defendants from further and continuing infringement of the claims of the '665 and '489 patents.

## JURY DEMAND

21.     Pursuant to FED. R. CIV. P. 38(b), Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  A judgment that Defendants have directly infringed, induced infringement, and/or contributed to the infringement of claims of the '665 and '489 patents;

B.  A judgment preliminarily and permanently enjoining and restraining Defendants and its subsidiaries, parents, officers, directors, servants, employees, agents, affiliates, and attorneys from directly infringing, inducing infringement, and/or contributing to the infringement of the '665 and '489 patents;

C.  A judgment that Defendants' various acts of infringement have been in willful, knowing, and deliberate disregard of Plaintiffs' rights under the '665 and '489 patents and requiring Defendants to pay damages under 35 U.S.C. § 284, trebled for willful infringement, with interest;

    D.    A judgment awarding Plaintiffs damages, including lost profits, adequate to compensate for Defendants' infringement, but not less than a reasonable royalty, resulting from Defendants' various acts of infringement;

    E.    A judgment award to Plaintiffs of pre-judgment and post-judgment interest on Plaintiffs' damages as allowed by law;

    F.    A judgment awarding damages to Plaintiffs for their costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including a finding of an exceptional case, pursuant to 35 U.S.C. § 285, and otherwise according to law; and

    G.    Such other relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

**SKAAR ULBRICH MACARI, P.A.**

Dated: January 29, 2013

/s Randall T. Skaar
Randall T. Skaar (#165013)
Scott Ulbrich (#305947)
601 Carlson Parkway
Suite 1050
Minnetonka, MN 55305
Email: skaar@sumiplaw.com
        ulbrich@sumiplaw.com
Telephone: (612) 216-1700
Facsimile: (612) 234-4465
**A**TTORNEYS FOR **P**LAINTIFFS