Randall T. Skaar (Pro Hac Vice)
601 Carlson Parkway, Suite 1050
Minneapolis, MN  55305
Phone: (612) 216-1700
Fax:  (612) 234-4465
skaar@sumiplaw.com
For Safegate

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SAFEGATE AIRPORT SYSTEMS, Inc. a Minnesota Corporation; and SAFEGATE INTERNATIONAL AB, a Corporation of Sweden,<br><br>　　Plaintiffs/Counterdefendants,<br><br>v.<br><br>RLG DOCKING SYSTEMS Inc., an Arizona Corporation; and Robert L. GAUGENMAIER, individually,<br><br>　　Defendants/Counterclaimants. | No. 2:13-cv-00567-PHX-GMS<br><br><br><br>**SAFEGATE'S OPPOSITION**<br><br>**CLAIM CONSTRUCTION BRIEF** |

### MEMORANDUM

RLG and Gaugenmaier ("RLG") propose claim constructions that are solely manufactured to attempt to avoid infringement, while grossly violating the well-established legal principals of claim construction.  RLG randomly and improperly imports elements from preferred and working embodiments of the invention from the specification into the claims to improperly narrow the claim scope.

## I. Means-Plus-Function Limitations

RLG misapplies 35 U.S.C. § 112 ¶ 6.[1] An example of RLG's misleading means-plus-function claim construction is their proposed construction of "means for projecting" from claim 14 of the '665 patent and "projecting means" from claim 1 of the '665 patent. RLG does not dispute that the projecting means is a mirror that reflects laser light pulses. However RLG's proposed claim construction is to require two mirrors and two stepper motors, one for each mirror, to enable scanning. (docket #71, pg. 10). RLG has improperly imported the function of scanning into the claim, when the claim does not recite a scanning function. Only a "projecting" function is claimed. RLG then imports the alleged structure corresponding to the imported function: the second mirror and two stepper motors. The law does not permit RLG's misapplication of 35 U.S.C. 112 ¶ 6:

> The statute does not permit limitation of a means-plus-function claim by adopting a function different from that explicitly recited in the claim. Nor does the statute permit incorporation of structure from the written description beyond that necessary to perform the claimed function. See id.[2] In this case, the district court erred both by incorporating structure beyond that necessary to perform the claimed functions and by incorporating unrecited functional limitations into the claims. *Micro Chemical v. Great Plains Chemical*, 194 F.3d 1250, 1258 (Fed. Cir., 1999).

The law is also clear that importing elements from a working or preferred embodiment disclosed in the patent specification is not proper. No doubt RLG will argue that one cannot "project" without scanning, as that is what the patent teaches, i.e. that is

---

[1] Now 35 U.S.C. § 112(f)

[2] *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294 1302, 50 USPQ2d 1429, 1435 (Fed. Cir. 1999).

how the working device in the '665 patent operates.  Such an argument has no place in claim construction:

> In so construing the claims, the district court erred by importing the functions of a working device into these specific claims, rather than reading the claims for their meaning independent of any working embodiment. *See Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270 1278, 35 USPQ2d 1035, 1041 (Fed.Cir.1995) ("[T]he district court erred by importing unnecessary functional limitations into the claim."); *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560 1571, 7 USPQ2d 1057, 1064 (Fed.Cir.1988) ("Although the specification may aid the court in interpreting the meaning of disputed language in the claims, particular embodiments and examples appearing in the specification will not generally be read into the claims."). A claim need not claim every function of a working device. Rather, a claim may specify improvements in one function without claiming the entire machine with its many functions. *Rodime PLC v. Seagate Technology*, Inc., 174 F.3d 1294, 1303 (C.A.Fed. (Cal.), 1999).

It is rare, if ever, that a claim recites each and every structure and function of the preferred embodiment.  It is perfectly proper for an inventor to claim the invention more broadly than was disclosed in the preferred embodiments.

> If everything in the specification were required to be read into the claims, or if structural claims were to be limited to devices operated precisely as a specification-described embodiment is operated, there would be no need for claims. Nor could an applicant, regardless of the prior art, claim more broadly than that embodiment.  Nor would a basis remain for the statutory necessity that an applicant conclude his specification with "claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. Sec. 112. It is the claims that measure the invention.  *SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1121(C.A.Fed. 1985).

RLG also attempts to justify improperly importing particular and unclaimed limitations into the claims by arguing that "A claim construction that excludes a preferred

3

embodiment ... 'is rarely, if ever, correct.' *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1285 (Fed.Cir.2005)."  RLG employs the *SanDisk* language to argue that it is proper to read unclaimed limitations from a working embodiment into claim language, regardless of the narrowing effect on claim scope.  Not only does RLG's position contradict the holdings in *SRI, Rodime PLC and Micro Chemical* above, but it mischaracterizes the holding in *SanDisk* as well.

In *SanDisk*, SanDisk owned the patent and was asserting it against alleged infringer Memorex, and others.  The patent taught how computer memory data could be stored and erased more efficiently than in the prior art.  The district court found that Memorex and the others did not infringe the asserted claims of the SanDisk patent.  The Court of Appeals for the Federal Circuit reversed, finding the district court construed the claims *too narrowly* by reading limitations into the claims that were not required by the plan language of the patent claims.  *Id.* at 1284.  So narrowly, in fact, that the claim construction eliminated certain specific examples of the invention given in the specification.  Such is not the case here, as the '665 patent does disclose the use of a mirror for reflecting, or projecting, laser light.  Safegate's construction does not exclude any of its embodiments.  RLG uses the quote from SanDisk out of context to argue for importing unclaimed structure from a *working* embodiment.  This is a misapplication of *SanDisk* and the general body of claim construction law.

Similarly, RLG misconstrues the "means for detecting" of claim 14 of the '665 patent and the "comparing means" and "identifying means" from claim 1 of the '489 patent, using the same flawed approach.  As for the detecting and comparing means, there

4

is no claim language limiting the claims to the use of an angular step of 0.1 degree, and to import such a limitation is error. So too is the requirement that Table I from the patent specification must be generated. Table I from the patent is exemplary and filled primarily with "XXs". Such a requirement is nonsensical.

Regarding the "identifying means", RLG improperly imports the calculation used in a specific example in the patent to identify the engine of an approaching aircraft ('489 patent, figures 12 – 14). RLG simply ignores the fact that other examples in the patent include using the main gear, the position of the wings and the position of the tail are other disclosed criteria, not just an engine ('489 patent, Column 2, lines 50-60). To so limit the claim would violate the holding in *SanDisk*, by improperly narrowing the claim to preclude examples in the specification.

## II. Tables

RLG improperly treats the claim construction of "comparison table", "profile table" and "distance distribution table" from claim 14 of the '665 patent. These are not means-plus-function claim elements, or steps from a method claim. These are ordinary words that need to be construed under the patent laws. The patent clearly defines each of these tables as *data*. For the distance and comparison tables, RLG's insistence that the structures in the patents of Tables I and II be filled with data gathered at angular steps of 0.1 degrees is simply improper importation of limitations from a working embodiment in the specification.

RLG's construction for "distance distribution table" as: "a derivative data collection structure as defined in 665 Patent" is not even clear so as to be helpful to the

fact finder.  If RLG means it is *data*, or *a collection of data*, Safegate would not disagree.  It is also unclear what is meant by "as defined in the 665 patent".

### III.   Claim 11 of the '489 patent

RLG improperly treats method claim 14 of the '489 patent as if it were written in means-plus-function format.  It is clearly not.  The term "means" appears nowhere in the claim.  Further, having a means-plus-function claim element, which is structural in nature, in a method claim is not likely authorized under 35 U.S.C. § 101.  The fact that the claim uses similar terminology, absent the means language, as Claim 1, does subject claim 14 to the requirements of 35 U.S.C. 112 ¶ 6.

> Furthermore, method claims that "parallel," or have limitations similar to, apparatus claims admittedly subject to § 112, paragraph 6 are not necessarily subject to the requirements of § 112, paragraph 6. *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1028 (Fed. Cir., 2002).

RLG has not argued that claim 11 is in *step*-plus-function format.  Such a theory is inconsistent with RLG's claim construction at any rate.  RLG argues for the importation of structure, not steps.  Since multiple acts are recited in claim 11, step-plus-function is cannot be deemed employed at any rate [3]

---

[3] Where the claim drafter has not signaled his intent to invoke § 112, paragraph 6 by using the "step[s] for" language, we are unwilling to resort to that provision to constrain the scope of coverage of a claim limitation without a showing that the limitation contains nothing that can be construed as an act.  *Masco Corp. v. U.S.*, 303 F.3d 1316, 1327 (Fed. Cir., 2002).

6

Respectfully submitted,

**Skaar Ulbrich Macari, P.A**

DATE: March 10, 2014

> By: /s/ Randall T. Skaar
> Randall T. Skaar (Pro Hac Vice)
> 601 Carlson Parkway, Suite 1050
> Minneapolis, MN  55305
> Phone: (612) 216-1700
> Fax:  (612) 234-4465
> skaar@sumiplaw.com
>
> Scott G. Ulbrich (No. 027906)
> 11811 N. Tatum Blvd, Suite 3031
> Phoenix, AZ 85028
> Tel: (602) 953-7800
> Fax: (602) 513-7356
> ulbrich@sumiplaw.com
>
> Attorneys for Safegate

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2014, I electronically transmitted the attached document to the Clerk' s Office using the CM/ECF System for filing and transmittal of a **SAFEGATE'S OPPOSITION CLAIM CONSTRUCTION BRIEF** to the CM/ECF registrants.

s/ Randall T. Skaar