WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safegate Airport Systems, Inc., a Minnesota corporation; and Safegate International AB, a corporation of Sweden,<br><br>　　　　Plaintiffs/Counterdefendants,<br><br>v.<br><br>RLG Docking Systems, Inc., an Arizona corporation; and Robert L. Gaugenmaier, individually,<br><br>　　　　Defendants/Counterclaimants. | No. CV-13-00567-PHX-GMS<br><br>**ORDER** |

Pending before the Court are RLG Defendants' Notice of Motion and Motion for Summary Judgment for Invalidity (Doc. 89) and Safegate's Motion to Strike RLG's Motion (Doc. 94). For the following reasons, Safegate's Motion to Strike and RLG's Motion for Summary Judgment are denied.

**BACKGROUND**

The facts in this case have been laid out in this Court's previous orders, which are incorporated here by reference. In addition to the previously discussed background facts in this case, RLG submitted a Separate Statement of Facts (Doc. 90) and a Declaration by its attorney (Doc. 91), which included copies of the patents, prosecution history, and expert reports from both parties (Docs. 91-1 to 91-5). Safegate submitted a Controverting Statement of Facts. (Doc 99.) RLG now moves for summary judgment on Claim 14 of US Patent 6,023,665 ('665) and Claims 1 and 11 of US Patent 6,324,489 ('489).

**DISCUSSION**

**I.    Motion to Strike**

LRCiv 7.2(m)(1) provides that "a motion to strike may be filed if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a . . . court order." Safegate asks that RLG's Motion to Dismiss be stricken because it raises issues outside of the timeline established by this Court's Case Management Order as amended. However, although the deadlines for discovery related to invalidity have passed, this Court's previous order on this issue provides that "Defendant RLG's invalidity motion, if filed, is limited to the grounds that came up after December 16, 2013, the Prior Art Statement date." (Doc. 83.) Therefore, the Court will not strike the Motion for Summary Judgment entirely, but the Court will disregard any arguments based on grounds that existed as of December 16, 2013.

**II.   Motion for Summary Judgment**

**A.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving

1  party must show that the genuine factual issues "'can be resolved only by a finder of fact
2  because they may reasonably be resolved in favor of either party.'" *Cal. Architectural*
3  *Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)
4  (quoting *Anderson*, 477 U.S. at 250). Because "[c]redibility determinations, the weighing
5  of the evidence, and the drawing of legitimate inferences from the facts are jury
6  functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and
7  all justifiable inferences are to be drawn in his favor" at the summary judgment stage.
8  *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59
9  (1970)). Furthermore, the party opposing summary judgment "may not rest upon the
10 mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts
11 showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec.*
12 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose*
13 *Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

**B.     Invalidity**

15 RLG makes two related arguments about the invalidity of Claim 14 of '665 Patent
16 and Claims 1 and 11 of '489 Patent as interpreted by this Court's previous order. (Doc.
17 85.) Those arguments are that neither the requirement to claim what the inventor "regards
18 as the invention" under 35 U.S.C. §112(b) nor the enabling requirement of §112(a) are
19 met. RLG further argues that the utility requirement of 35 U.S.C. § 101 is not met.

**1.     Regards as the Invention**

21 The Patent Act provides that "[t]he specification shall conclude with one or more
22 claims particularly pointing out and distinctly claiming the subject matter which the
23 applicant regards as his invention." 35 U.S.C. §112(b). Under the "regards as the
24 invention" requirement, a court should hold a claim invalid "[w]here it would be apparent
25 to one of skill in the art, based on the specification, that the invention set forth in a claim
26 is not what the patentee regarded as his invention." *Allen Eng'g Corp. v. Bartell Indus.,*
27 *Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002). In *Allen Engineering*, the disputed claim
28 provided that the motion of a particular piece of the invention could be "only in a plane

- 3 -

perpendicular to said biaxial plane," but the specification provided that the same piece "cannot pivot in a plane perpendicular to the biaxial plane." *Id.*

Here, the specification describes a device in which two mirrors direct the light from the LRF in two dimensions. As noted in this Court's previous orders, the patents in suit explicitly note that the LRF in the preferred embodiment does not move. RLG continues here the argument that this Court rejected in its order construing the language of the patent (Doc. 85) and again in its denial of RLG's Motion for Reconsideration (Doc. 87). RLG's argument is that a person skilled in the art would not understand that the patents cover or teach anything other than the stationary LRF that is specifically identified as being the preferred embodiment. RLG acknowledges in its brief that "[s]omething is either moving or not moving." (Doc. 89 at 11.) Yet it argues that a person skilled in the art would be unable to reason that if the LRF in the preferred embodiment was not moving, then the LRF in a non-preferred embodiment could be moving. The Court again rejects this argument. The Court also reiterates it rejection, for the reasons explained in its previous orders, of RLG's arguments that projection requires two mirrors.

With respect to the "regards as the invention" requirement in §112, RLG seems to be arguing that the multiple mirrors in the specification are contradictory to this Court's interpretation that a single mirror can be a means for projecting. In *Allen Engineering*, the claim was *only* for a motion that the specification stated *cannot* be done. There is no similar contradiction here. The preferred embodiment in the specification describes a system with multiple mirrors and a stationary LRF, but it does not say that this is the only way to make the invention or that the LRF "cannot" move. Rather it provided that a stationary LRF was preferred, clearly implying that it could move. This is not contradicted by a claim for a means of projecting that is interpreted to mean a mirror. Therefore, there is no failure to state what the claimant "regards as the invention" under the rule from *Allen Engineering*.

### 2. Enabling and Utility Requirements

A basic premise of patent law is that the patent must specify and claim something

- 4 -

that actually works. RLG argues that the enabling and utility requirements are not met because the patents as interpreted do not describe or teach functional inventions.

The Federal Circuit explained the enablement requirement from §112(a):

> Patent protection is granted in return for an enabling disclosure of an invention, not for vague intimations of general ideas that may or may not be workable. *See Brenner v. Manson*, 383 U.S. 519, 536 (1966) (stating, in context of the utility requirement, that "a patent is not a hunting license. It is not a reward for the search, but compensation for its successful conclusion.") Tossing out the mere germ of an idea does not constitute enabling disclosure.

*Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997). The enablement requirement and the utility requirement "are closely related." *Process Control Corp. v. HydReclaim Corp.*, 190 F.3d 1350, 1358 (Fed. Cir. 1999).

> The enablement requirement of 35 U.S.C. § 112, ¶ 1 requires that the specification adequately discloses to one skilled in the relevant art how to make, or in the case of a process, how to carry out, the claimed invention without undue experimentation. The utility requirement of 35 U.S.C. § 101 mandates that any patentable invention be useful and, accordingly, the subject matter of the claim must be operable. If a patent claim fails to meet the utility requirement because it is not useful or operative, then it also fails to meet the how-to-use aspect of the enablement requirement.

*Id.* (citations omitted).

Here, there is no question that Safegate's device and method are functional. Therefore the actual device and method have utility. RLG did not challenge the patent for invalidity until this Court interpreted the disputed claim language. Further, RLG is limited by this Court's order to invalidity arguments that arose after December 16, 2013. The only basis for RLG's argument seems to be that this Court's interpretation of the claims as projecting by a mirror rather than two mirrors has destroyed the meaning that the specification and claims had before this Court's interpretive order. This argument is

1  again another variation of RLG's argument that this Court's interpretation of the disputed
2  claim language is wrong. In making this renewed argument, RLG references and includes
3  statements from various experts and other people in an attempt to establish that Safegate
4  did not intend the single mirror meaning.

5  This Court has made its interpretation of the disputed terms and denied RLG's
6  Motion for Reconsideration. It will not readdress the single versus double mirror
7  argument again. RLG did not argue the invalidity of the patents before claim
8  construction. This Court construed the meaning of the disputed claim terms in light of the
9  specification and patent as a whole. The device and method described in the patents
10 retain the same utility and are just as enabled now as they were before this Court's claim
11 construction order.

12 RLG's arguments about the independence of Safegate's expert will not be
13 addressed because that expert's opinion or report was not considered for this Court's
14 denial of RLG's Motion for Summary Judgment.

15 RLG has not met its burden to show that Claim 14 of '665 Patent and Claims 1
16 and 11 of '489 Patent are invalid as a matter of law under any of the ground raised in its
17 motion. Accordingly,

18 **IT IS HEREBY ORDERED** that Safegate's Motion to Strike RLG's Motion
19 (Doc. 94) is **DENIED.**

20 **IT IS FURTHER ORDERED** that RLG Defendants' Notice of Motion and
21 Motion for Summary Judgment for Invalidity (Doc. 89) is **DENIED.**

22 Dated this 1st day of October, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge